IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

JUDITH DALTON,

      Plaintiff,

      v.                                           Civil Action No.  2:14-1392

WINANS SANITARY SUPPLY CO., INC.,
JAMES F. WINANS, III and
JOSEPH WINANS,

      Defendants.

## COMPLAINT

NOW COMES Plaintiff Judith Dalton, by counsel, and files this Complaint against

Defendant Winans Sanitary Supply Co., Inc. ("Defendant Winans Sanitary Supply"), Defendant

James F. Winans, III ("Defendant James Winans") and Defendant Joseph Winans ("Defendant

Joseph Winans") making claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et

seq. and the common law of West Virginia, stating as follows:

## PARTIES

1.      Plaintiff is a resident of Marion County, West Virginia.

2.      Defendant Winans Sanitary Supply is a corporation organized under the law of

the State of West Virginia that maintains a business headquarters located at 430 Twenty-Ninth

Street, Parkersburg, West Virginia 26101.   Defendant Winans Sanitary Supply is a provider of

cleaning supplies and cleaning services for businesses.

3.      At all relevant times, Defendant Winans Sanitary Supply was acting through its

agents, supervisors, directors, officers, employees and assigns, including but not limited to

Defendant James Winans and Defendant Joseph Winans, and within the full scope of such agency, office, employment, or assignment.

4.    Defendant James Winans, at all relevant times, was the President of Defendant Winans Sanitary Supply and was acting within the scope of his employment by Defendant Winans Sanitary Supply.

5.    Defendant Joseph Winans, at all relevant times, was the Chief Financial Officer of Defendant Winans Sanitary Supply and was acting within the scope of his employment by Defendant Winans Sanitary Supply.

### JURISDICTION AND VENUE

6.    Plaintiff asserts claims herein pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and the common law of West Virginia.

7.    This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. §1331 because these claims arise under the laws of the United States.

8.    This Court has supplemental jurisdiction over Plaintiff's claim under the common law of West Virginia pursuant to 28 U.S.C. § 1367.

9.    At all relevant times, prior to Plaintiff's unlawful constructive discharge on or about May 29, 2013, Plaintiff was an employee of Defendant Winans Sanitary Supply performing work in the Clarksburg, West Virginia area.

10.    Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendant Winans Sanitary Supply resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

2

## FACTS

11.     Plaintiff was an employee of Defendant Winans Sanitary Supply from on or about October 17, 2011 until she was constructively discharged by Defendant Winans Sanitary Supply on or about May 29, 2013 .

12.     Plaintiff was well-qualified for the positions that she held with Defendant Winans Sanitary Supply during the course of her employment and Plaintiff satisfactorily performed her job throughout her employment.

13.     From October 2011 through in or around January 2012, Defendant Winans Sanitary Supply assigned Plaintiff to the position of "Supervisor".

14.     From in or around January 2012 through in or around June 2013, Defendant assigned Plaintiff to various positions including "Lead Supervisor", "Secretary", "Inspector" and "Supervisor".

15.     Despite the various job titles assigned to Plaintiff by Defendant Winans Sanitary Supply during the period from in or around January 2012 through in or around June 2013, Plaintiff was at all times a non-exempt employee of Defendant Winans Sanitary Supply under the FLSA.

16.     From in or around January 2012 through in or around April 2013, in many workweeks in which Plaintiff performed more than 40 hours of work, Defendant Winans Sanitary Supply failed to compensate Plaintiff for overtime hours she worked at a rate of one-and-one-half times Plaintiff's regular rate of pay.

17.     As the President of Defendant Winans Sanitary Supply, Defendant James Winans had knowledge of and knowingly permitted Defendant Winans Sanitary Supply's failure to

3

compensate Plaintiff for overtime hours she worked at one-and-one-half times Plaintiff's regular rate of pay.

18.     As the Chief Financial Officer of Defendant Winans Sanitary Supply, Defendant Joseph Winans had knowledge of and knowingly permitted Defendant Winans Sanitary Supply's failure to compensate Plaintiff for overtime hours she worked at one-and-one-half times Plaintiff's regular rate of pay.

19.     During the course of her employment, Plaintiff complained to Defendant Winans Sanitary Supply about Defendant Winans Sanitary Supply's failure to provide overtime compensation to Plaintiff for hours of work performed by Plaintiff in excess of 40 hours per workweek.

20.     After Plaintiff complained to Defendant Winans Sanitary Supply about its failure to provide overtime compensation to Plaintiff for hours of work performed by Plaintiff in excess of 40 hours per workweek, Defendant Winans Sanitary Supply subjected Plaintiff to adverse actions, including discipline, based on false reasons.

21.     These adverse actions included, but were not limited to, the following:

      a.  instructing Plaintiff to record work hours in a manner that prevented Plaintiff from recording compensable travel time under the FLSA, and

      b.  subjecting Plaintiff to baseless or pretextual disciplinary actions.

22.     These adverse actions by Defendant Winans Sanitary Supply were retaliation against Plaintiff for having complained to Defendant Winans Sanitary Supply about its failure to provide overtime compensation to Plaintiff for hours worked by Plaintiff in excess of 40 hours per workweek.

23.     The working conditions of Plaintiff created by Defendant Winans Sanitary Supply, including unjustified repeated and accumulating adverse actions and disciplinary actions, were so intolerable that a reasonable person would have been compelled to quit employment with Defendant Winans Sanitary Supply.

24.     On or about May 29, 2013, due to the intolerable working conditions created by Defendant Winans Sanitary Supply, Plaintiff resigned from her employment.

25.     Defendant Winans Sanitary Supply constructively discharged Plaintiff on the basis of Plaintiff's complaints regarding Defendant Winans Sanitary Supply's failure to compensate Plaintiff for overtime hours worked at one-and-one-half times her regular rate of pay.

### COUNT I: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT (DEFENDANTS WINANS SANITARY SUPPLY, JAMES WINANS AND JOSEPH WINANS)

26.     Plaintiff incorporates by reference Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Defendant Winans Sanitary Supply is an "employer" as defined in the FLSA.

28.     Defendant Winans Sanitary Supply is an "enterprise engaged in commerce" under the FLSA.

29.     Defendant Winans Sanitary Supply has an annual gross volume of sales made or business done that is not less than $500,000.

30.     Plaintiff was a non-exempt employee under the FLSA.

31.     Defendant James Winans and Defendant Joseph Winans acted directly in the interest of Defendant Winans Sanitary Supply in relation to Plaintiff.

32.     Defendant James Winans and Defendant Joseph Winans had the power to hire, fire and direct employees of Defendant Winans Sanitary Supply.

33.     Defendant James Winans and Defendant Joseph Winans had operational control over Defendant Winans Sanitary Supply.

34.     Defendant James Winans and Defendant Joseph Winans are "employers" under the FLSA.

35.     Pursuant to the FLSA, 29 U.S.C. § 207, Defendant Winans Sanitary Supply, Defendant James Winans and Defendant Joseph Winans were required to pay Plaintiff overtime wages at a rate of one and one-half times Plaintiff's regular rate of pay for hours Plaintiff worked in excess of 40 hours per workweek.

36.     In violation of the FLSA, 29 U.S.C. § 207, Defendant Winans Sanitary Supply, Defendant James Winans and Defendant Joseph Winans failed to pay Plaintiff overtime wages at a rate of one and one-half times Plaintiff's regular rate of pay for hours Plaintiff worked in excess of 40 hours per workweek.

37.     The failure by Defendant Winans Sanitary Supply, Defendant James Winans and Defendant Joseph Winans to pay Plaintiff overtime wages in violation of the FLSA was not in good faith and was a willful violation of the FLSA.

38.     Due to their violation of the FLSA, Defendant Winans Sanitary Supply, Defendant James Winans and Defendant Joseph Winans owe Plaintiff unpaid overtime wages and liquidated damages for unpaid overtime wages pursuant to the FLSA.

39.     Plaintiff is entitled to recover attorney's fees and costs.

## COUNT II:  UNLAWFUL RETALIATION IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT
## (DEFENDANT WINANS SANITARY SUPPLY)

40.     Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.     Defendant Winans Sanitary Supply is an "employer" as defined in the FLSA.

42.     From in or around January 2012 through in or around April 2013, Defendant Winans Sanitary Supply failed to provide overtime compensation to Plaintiff for hours Plaintiff worked in excess of 40 hours per workweek at a rate of one and one-half times Plaintiff's regular rate of pay.

43.     Plaintiff engaged in protected activity when she complained to Defendant Winans Sanitary Supply about Defendant Winans Sanitary Supply's failure to provide overtime compensation to Plaintiff for hours Plaintiff  worked in excess of 40 hours per workweek.

44.     Defendant Winans Sanitary Supply failed to adequately investigate Plaintiff's complaints.

45.     After Plaintiff complained to Defendant Winans Sanitary Supply about its failure to provide overtime compensation to Plaintiff for hours Plaintiff worked in excess of 40 hours per workweek, Defendant Winans Sanitary Supply subjected Plaintiff to adverse actions, including discipline, based on false reasons.

46.     Defendant Winans Sanitary Supply constructively discharged Plaintiff because Plaintiff engaged in protected activity, i.e. complaining to Defendant Winans Sanitary Supply about its failure to fully compensate Plaintiff for overtime hours that she had worked.

47.     Defendant Winans Sanitary Supply and its agents retaliated against Plaintiff based upon her engaging in protected activity in violation of the FLSA prohibiting retaliation.

48.     As a direct result of Defendant Winans Sanitary Supply's unlawful conduct, Plaintiff has suffered injury and damages, including but not limited to, lost wages and benefits, emotional distress, humiliation, mental anguish, punitive damages and other damages for which Defendant Winans Sanitary Supply is liable.

49.     Based upon Defendant Winans Sanitary Supply's lack of good faith in constructively discharging Plaintiff, Plaintiff is also entitled to recover liquidated damages.

50.     Plaintiff is entitled to recover attorney's fees and costs.

## COUNT III:  WRONGFUL TERMINATION IN VIOLATION OF A SUBSTANTIAL PUBLIC POLICY OF THE STATE OF WEST VIRGINIA (DEFENDANT WINANS SANITARY SUPPLY)

51.     Plaintiff incorporates by reference Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.     As articulated in the FLSA, 29 U.S.C. §215(a)(3), it is a substantial public policy of the state of West Virginia that an employer shall not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]...."

53.     Defendant Winans Sanitary Supply's constructive discharge of Plaintiff was in violation of a substantial West Virginia public policy, articulated in the FLSA.

54.     As a direct result of Defendant Winans Sanitary Supply's unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendant Winans Sanitary Supply is liable.

55.    Based upon Defendant Winans Sanitary Supply's willful, reckless, and/or malicious conduct, Plaintiff is entitled to recover unmitigated back pay and front pay, and punitive damages.

56.    Plaintiff is also entitled to recover attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)    That she may have a trial by jury;

(b)    That she be awarded all damages provided by law and all remedies provided by equity, including but not limited to, lost wages and benefits, unmitigated back pay, unmitigated front pay, damages for emotional distress, humiliation and mental anguish, and other damages for which Defendant Winans Sanitary Supply, Defendant James Winans and Defendant Joseph Winans are liable;

(c)    That she be awarded punitive damages;

(d)    That she be awarded liquidated damages;

(e)    That she be awarded attorney's fees and costs;

(f)    That she be awarded such other relief as this Court may deem just and equitable.

**JUDITH DALTON**

**By Counsel**

_____s/Mark Goldner_____
Mark Goldner, Esq. (WV Bar No. 11286)
William P. Lauro, Esq. (WV Bar No. 12160)
HUGHES & GOLDNER, PLLC
One Bridge Place
10 Hale Street, 5th Floor
Charleston, West Virginia 25301
TEL: (304) 400-4816
FAX: (304) 205-7729


Counsel for Plaintiff